## KNAUSS et al. v. ANDERSON.

### ANDERSON v. KNAUSS et al.

Patent Appeal Nos. 3072, 3073.

Court of Customs and Patent Appeals.
March 6, 1933.

Watson, Coit, Morse & Grindle, of Washington, D. C. (Charles S. Grindle, of Washington, D. C., of counsel), for Knauss and Adler.

Dike, Calver & Gray, of Detroit, Mich. (Henry Calver, of Washington, D. C., and Elmer J. Gray, of Detroit, Mich., of counsel), for Anderson.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

In these consolidated causes, there are involved appeals to this court by the respective parties from decisions of the Board of Appeals of the United States Patent Office.

A consolidated record was made up and the cases were briefed together. They may properly be disposed of in a single opinion.

The claimed invention relates generally to governors for internal combustion engines, the specific features of which appear in the two counts at issue, as follows:

"1. A governor for internal combustion engines including an unbalanced governing valve, and vacuum responsive means for moving said governing valve toward its closed position.

"2. A governor for internal combustion engines including a governing valve, vacuum responsive means for moving said governing valve towards its closed position, a spring opposing the movement of said vacuum responsive means, and means for causing said spring to be deflected at a continuously increasing rate as compared with the movement of said vacuum responsive means."

Anderson was granted a patent, No. 1,-662,098, March 13, 1928, on an application filed March 26, 1921. Knauss and Adler were granted patent No. 1,670,365, May 22, 1928, on an application filed September 1, 1926. Following the grant to Knauss and Adler, Anderson, on March 7, 1930, filed an application for reissue of patent No. 1,662,-098, in which reissue application he copied three of the claims of the Knauss and Adler patent for the purpose of bringing about an interference which was duly declared.

Knauss and Adler filed no preliminary statement, but moved to dissolve the interference on the ground that Anderson had no right to make the counts.

The Examiner of Interferences granted the motion as to count 3, but denied it as to counts 1 and 2, supra, and judgment upon the record was entered awarding priority to Anderson upon said two counts. Knauss and Adler appealed to the Board of Appeals, which tribunal affirmed the Examiner's decision as to count 1, but reversed it as to count 2. Both parties thereupon appealed to this court from the respective portions of the decisions of the Board of Appeals adverse to

them. As to count 3, no appeals were taken, and that count is not before us.

It will be noted from an examination of the counts that No. 1 calls for two general features, viz. (a) a "governing valve," and (b) "vacuum responsive means for moving said governing valve toward its closed position," while count 2 calls for both those features and, in addition thereto, other features which will be later specified.

Knauss and Adler insist that Anderson does not disclose feature (b), supra, in either his patent or his reissue application.

The structural features of the respective devices are concededly quite different. For the feature (b), which is the salient matter at issue in count 1, the Knauss and Adler patent names a certain movable piston which controls the throttle or governing valve as a result of air pressure at one end; the pressure being dependent upon the partial vacuum produced in the intake at the other end; that is to say, the pressure which moves the "governing valve toward its closed position" is occasioned by air.

Anderson relies for said feature (b) on a movable member, spheroidal or substantially stream-lined, in form, and designated in both his specifications as "an auxiliary actuating member." It contributes, according to the specification, to furnishing "the necessary actuating force for changing the position of the throttle under varying conditions of load upon the engine." In Anderson's case, the pressure results from the intake gases rather than from air, as in Knauss and Adler, but the count is not limited to air pressure. It is sufficient if the means be "vacuum responsive," and Knauss and Adler do not convince us that the Board of Appeals is in error in the statement that "in both instances the pressure is dependent [upon] and responsive to the vacuum in the engine cylinder."

The breadth of count 1 must be borne in mind. The "vacuum responsive means" are not limited to any particular form of structure by the claim, or count, nor is there any requirement that the "means" be "vacuum responsive" during the entire movement of the governing valve to closed position. It is sufficient to meet the count if Anderson's "auxiliary actuating member" moves the governing valve "*toward*" its closed position. (Italics ours.) The Board of Appeals expresses the opinion that, in fact, Anderson's auxiliary actuating member is vacuum responsive throughout, but holds, we think correctly, that, if only responsive during part of the movement, the construction answers the count.

We have very carefully considered the contentions of Knauss and Adler upon this point, with the result that we are not convinced of error in the Board's holding. Count 1 is not ambiguous in its terms, and it does not per se contain any limitations which justify the application of any other than the familiar rule of broad interpretation.

In count 2, as will be observed, in addition to the features of count 1, already discussed, there are the following elements: (a) "A spring," and (b) "means for causing said spring to be deflected at a continuously increasing rate. * * *"

These are limitations to which the Board of Appeals gave consideration in holding that Anderson is not entitled to make this count.

The issue practically turns upon the proper construction of the clause "deflected at a continuously increasing rate."

In Knauss and Adler, the spring is deflected at a continuously increasing rate from the beginning of its movement in opposing the movement of the vacuum responsive means to the end of such spring's action; that is, during the entire collapsible movement of the spring.

In Anderson the spring deflection increases at a greater rate than the movement of the vacuum responsive means during only a portion of the movement toward the closing of the valve. Throughout the remainder of the movement until the valve is carried to closed position, the deflection, or compression, of the spring is reduced.

It seems to us that it is most reasonable to construe the word "continuously," as used in count 2, as meaning throughout the entire operation. At any rate, the fact that the tribunals of the Patent Office, composed of experts, differ as to the meaning is evidence at least of ambiguity in the phrase, and, when ambiguity is present, the count should be given the meaning which it obviously has in the source where it originated —the Knauss and Adler patent. Sweetland v. Cole, 53 F.(2d) 709, 19 C. C. P. A. 751, 754, and cases there cited.

The decision of the Board of Appeals is affirmed.

Affirmed.